## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARIO DEL CURTO,**

     **Plaintiff,**

**vs.**                              **Case No. 14 cv 561 JAP/SCY**

**RICHARD V. LOPEZ, II, in his**
**individual and official capacities,**
**GEORGE VAN WINKLE,**
**Police Chief, in his individual and official capacities,**
**CITY OF SOCORRO**

     **Defendants.**

### MEMORANDUM OPINION AND ORDER

On June 18, 2014, Plaintiff Mario Del Curto (Plaintiff) brought a nine-count COMPLAINT (Doc. No. 1) (Complaint) against Defendants Richard V. Lopez, II (Officer Lopez), Socorro Police Chief George Van Winkle (Chief Van Winkle), and the City of Socorro (City) asserting claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act (NMTCA), NMSA 1978 § 41-4-1-- 41-4-30. Defendants ask the Court to dismiss the claims against Officer Lopez and Chief Van Winkle in their official capacities, the claims against Chief Van Winkle for supervisory liability, and the NMTCA claims in Counts 4, 5, and 6 of the Complaint.[1] *See* DEFENDANTS' MOTION TO DISMISS THE OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS, THE SUPERVISORY CLAIMS AGAINST THE POLICE CHIEF AND COUNTS IV, V AND VI BROUGHT UNDER THE NEW MEXICO TORT CLAIMS ACT (Doc. No. 21) (Motion). Plaintiff opposes the Motion. *See* PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS (Doc. No. 30) (Response). The Court also considered the arguments in DEFENDANTS' REPLY IN SUPPORT

---

[1] For some reason, Plaintiffs used Roman numerals for Counts I and II but Arabic numerals for Counts 3—9 in the Complaint. For simplicity, the Court has referred to the counts as identified in Plaintiff's Complaint.

OF MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS, SUPERVISORY CLAIMS AGAINST THE POLICE CHIEF, AND TORT CLAIMS IN COUNTS IV-VI (Doc. No. 39) (Reply).[2]

Because the official capacity claims against Officer Lopez and Chief Van Winkle are unnecessary duplicates of the claims against the City, the Court will dismiss those claims. The Court will also dismiss Counts 4 and 5 because they are tort claims for which governmental immunity has not been waived under the NMTCA. However, since Plaintiff has alleged sufficient facts to support a claim of supervisory liability against Chief Van Winkle, the Court will deny the Motion as to Count II of Complaint.

I.      STANDARD OF REVIEW

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). In evaluating a Rule 12(b)(6) motion, the court must "accept as true all well-pleaded facts [in the complaint], as distinguished from conclusory allegations, and view the facts in the light most favorable to the nonmoving party. . . ." *Archuleta v. Wagner*, 523 F.3d 1278, 1282–83 (10th Cir. 2008) (quotation and alteration omitted).

Although the court must accept as true all well-pleaded facts in the complaint, the court is under no obligation to accept bare conclusory allegations. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And the court is not required to accept legal conclusions without factual support. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To summarize, a complaint must contain sufficient factual allegations "to raise a

---

[2] In their Reply, Defendants withdrew the Motion as to Count 6.

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

II.     BACKGROUND

In the Complaint, Plaintiff alleges the following facts:

On August 16, 2013, Officer Lopez, accompanied by Officer C. Valenzuela, arrived at Plaintiff's residence to investigate a complaint that Plaintiff had engaged in criminal activity. (Compl. ¶¶ 18–19.) Plaintiff refused to speak with Officer Lopez. (*Id.* ¶ 20.) As Plaintiff was closing the door, Officer Lopez placed his foot on the threshold to prevent Plaintiff from closing the door. (*Id.* ¶ 21.) Officer Lopez then pushed the door open, and both officers entered Plaintiff's residence uninvited. (*Id.*) Plaintiff asked the officers to leave the residence, but they refused. (*Id.* ¶ 22.) Officer Lopez used force to slam Plaintiff into a wall, forcibly applied handcuffs, and arrested Plaintiff. (*Id.* ¶ 24.) As a result, Plaintiff received bruises on both forearms. (*Id.* ¶ 25.) Officer Lopez, without a warrant, searched Plaintiff's residence and removed one or more items. (*Id.* ¶ 26.) At Plaintiff's trial on a misdemeanor charge, Officer Lopez falsely testified that Plaintiff invited him into his residence and that Plaintiff consented to the search of Plaintiff's residence. (*Id.* ¶¶ 27--28.) Officer Lopez falsely testified that Plaintiff smelled of alcohol and was so intoxicated that he soiled himself. (*Id.* ¶¶ 29--30.) Plaintiff was found not guilty on all charges. (*Id.* ¶ 33.)

Count I is a claim against all Defendants under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.* ¶¶ 34--48.) Count II is a claim seeking to hold the City and Chief Van Winkle liable for Officer Lopez's unconstitutional conduct. Counts 3 (assault and battery), 4 (intentional infliction of emotion distress), 5 (negligent infliction of emotional distress), 6 (malicious abuse of process), 7

(defamation), and 8 (excessive force) are brought against Officer Lopez under the NMTCA. (*Id.* ¶¶ 59–69, 76–92.) Count 5 is a claim for negligent infliction of emotional distress against all Defendants. (*Id.* ¶¶ 70–75.) Count 9 is a claim against Officer Lopez for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article 2, Sections 10 and 18 of the New Mexico Constitution. (*Id.* ¶¶ 93–102.)

In the Response, Plaintiff asserts that his "Complaint is based upon undisputed lapel-video evidence from his arrest of August 16, 2013. Review of the lapel video itself is necessary to a proper analysis and ruling concerning the motion to dismiss." (Resp. at 1–2.) Plaintiff asks the Court to include "the cited transcripted [sic] material from the video in its consideration of the motion to dismiss. Furthermore, in accordance with Rule 12(d),[3] Plaintiff asks the court to treat the motion to dismiss and this response in a manner required by Rule 56 concerning summary judgment motions." (*Id.* at 2.) As pointed out by Defendants in their Reply, however, Plaintiff failed to attach a copy of the lapel video recording to his Complaint. Instead, Plaintiff asks the Court to consider the lapel video and a transcript of certain excerpts from the video, which are described and quoted by Plaintiff's attorney in the Response. (*See* AFFIDAVIT of David L. Dotson, Resp. Ex. 1.)

"Generally, the sufficiency of a complaint must rest on its contents alone, and the district court cannot review matters outside of the complaint." *See Mocek v. City of Albuquerque*, No. 11 CV 1009, 2013 WL 312881, *30 (D.N.M. Jan. 14, 2014) (citing *Casanova v. Ulibarri,* 595 F.3d 1120, 1125 (10th Cir. 2010) *and Gossett v. Barnhart,* 139 F. App'x 24, 2005 WL 1181154, **1

---

[3] Rule 12(d) provides,

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

(10th Cir.2005) (unpublished) ("In ruling on a motion to dismiss, the district court is limited to the facts pled in the complaint."). There are three limited exceptions to this general principle: (i) documents that the complaint incorporates by reference; (ii) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (iii) matters of which a court may take judicial notice. *Mocek*, 2013 312881, **1 (quotations and citations omitted). Hence, courts are allowed to review these types of documents and evidence without converting a 12(b)(6) motion into a Rule 56 motion.

In other circumstances, courts may accept evidence presented in the context of a motion to dismiss, but courts must then convert the motion to a Rule 56 motion and allow the parties to submit other materials for the court's consideration prior to a ruling. Fed. R. Civ. P. 12(d). In that instance, courts have broad discretion in determining whether or not to accept materials beyond the pleadings and thereby converting a 12(b)(6) motion into a Rule 56 motion. *Lowe v. Town of Fairland, OK*, 143 F.3d 1378. 1381 (10th Cir. 1998) (finding no reversible error in district court's refusal to consider matters outside the pleadings and failure to convert motion to dismiss into summary judgment motion); Charles Alan Wright & A. Miller, *Federal Practice and Procedure* § 1366 at 159 (3d ed. 2004).

The lapel video and the excerpts quoted in the Response do not fall into one of the three exceptions. Plaintiff did not attach the lapel video to his complaint or incorporate it by reference in his Complaint.  In addition, the lapel video is not integral to Plaintiff's claims because Plaintiff's claims stand without it. Finally, it is unnecessary for the Court to consider the excerpts from the lapel video quoted in the Response in deciding the legal sufficiency of the Complaint. Hence, the Court will consider neither the lapel video nor the excerpts in the Response in deciding the Motion.

III.    DISCUSSION

A. *Dismissal of Plaintiff's official capacity claims against Chief Van Winkle and Officer Lopez.*

The Supreme Court has recognized that "[t]here is no longer a need to bring official-capacity claims against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Thus, a suit brought against an individual in his official capacity is really "another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165--66 (quoting *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 n. 55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Consequently, when a plaintiff names both a municipality and a municipal officer in his official capacity as defendants, the suit against the officer is redundant, confusing, and unnecessary and should be dismissed. *Sims v. Unified Gov't of Wyandotte Cnty, KS*, 120 F. Supp. 2d 938, 944–45 (D. Kan. 2000). Because the claims against Chief Van Winkle and Officer Lopez in their official capacities are duplicative of the claims against the City, the Court will dismiss

those claims.[4]

      B. *No dismissal of Plaintiff's Count II claim against Chief Van Winkle.*

      In Count II, entitled RESPONDEAT SUPERIOR—SCOPE OF EMPLOYMENT,"

Plaintiff alleges,

    (1)    The City, through Chief Van Winkle, "is responsible for the hiring, training, instruction, supervising, and disciplining of [Officer Lopez;]"

    (2)    Officer Lopez "was incorrectly informed or led to believe by [Chief Van Winkle] – either intentionally or through improper training – that he owed no duty to protect the constitutional rights of the Plaintiff, precipitating all of the events that transpired[;]" (*Id.* ¶ 51.)

    (3)    Officer Lopez "was incorrectly informed or led to believe by [Chief Van Winkle] – either intentionally or through improper training – that he may unjustifiably enter a residence for any reason he deems necessary[;]"

    (4)    Officer Lopez "was incorrectly informed or led to believe by [Chief Van Winkle] – either intentionally or through improper training – he had to arrest any alleged defendant if he touched them in any way[;]"

    (5)    Officer Lopez "was a law enforcement officer for the City of Socorro and was on duty at the time of the events alleged in this Complaint[;]"

    (6)    The City and Chief Van Winkle "were performing certain work, including enforcing laws, that was fairly and naturally incidental to the City of Socorro's business at the time of the events alleged in this Complaint[;]"

    (7)    The City and Chief Van Winkle "had the right and duty to control the manner in which the details of the work was performed by [Officer Lopez] at the time of the events, even though the right of control and duty may not have been exercised[;]"

    (8)    Officer Lopez "was not engaged in activities outside the scope of his employment at the time of the events alleged in this Complaint[;]" and

    (9)    The City "is liable for any wrongful acts or omissions of [Officer Lopez]."

---

[4] In his Response, Plaintiff mischaracterizes Defendants' Motion as a request to dismiss all claims against Officer Lopez and Chief Van Winkle. It is not. In their Motion, Defendants merely ask the Court to dismiss all claims against Officer Lopez and Chief Van Winkle in their official capacities. Defendants have not asked for dismissal of the § 1983 claims against Officer Lopez and Chief Van Winkle in their individual capacities. Plaintiff further argues that official capacity claims are appropriate against officials who are in policy making roles, like Chief Van Winkle. However, Plaintiff confuses the standard for supervisory claims against Chief Van Winkle and the City with the concept of official capacity claims as illustrated by the cases cited by Plaintiff all of which are inapposite. *See Branti v. Finkel*, 445 U.S. 507, 520 (1980) (holding that a non-policymaking, non-confidential government employee cannot be discharged from a job that he is satisfactorily performing upon the sole ground of his political beliefs); *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1242 (10th Cir. 2010) (holding that a plaintiff is entitled to proceed against a municipality for nominal damages, even after winning a judgment (for nominal and punitive damages) against the municipality's police officers, in their **individual** capacities); *and Horton v. Taylor*, 767 F.2d 471, 478 (8th Cir. 1985) (examining whether county employees were "nonpolicymaking, nonconfidential government employee[s]" such that their termination due to political party affiliation was unlawful). In sum, the dismissal of the official capacity claims against Officer Lopez and Chief Van Winkle does not affect Plaintiff's § 1983 claims against Chief Van Winkle and Officer Lopez in their individual capacities. Nor does the dismissal affect the supervisory claims in Count II of the Complaint.

(Compl. ¶¶ 50–58.)[5]

In Count II, Plaintiff claims that Chief Van Winkle and the City are liable for Officer Lopez's actions. However, Plaintiff does not indicate whether this claim is brought under § 1983, the NMTCA, or both. In the Motion, Defendants assume that Count II has been brought under § 1983, and based on the title of Count II, Defendants rightly assert that a supervisor may not be held liable under § 1983 solely under the theory of respondeat superior. *See Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994) (affirming dismissal of respondeat superior claim against Attorney General because the claim is not recognized under § 1983). In the Response, Plaintiff counters Defendants' arguments on the sufficiency of the allegations related to supervisory liability under § 1983. Hence, the Court will address only the issue raised in the Motion: whether Plaintiff has stated a claim under §1983 for supervisory liability against Chief Van Winkle.[6]

To maintain a claim against Chief Van Winkle, Plaintiff must allege facts showing an affirmative link between the actions of Officer Lopez and Chief Van Winkle. "Plaintiffs must show that a supervisor[] . . ., expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000). "Where an official with policy making authority creates, actively endorses, or implements a policy which is constitutionally infirm, that official may face personal liability for

---

[5] In Count I Plaintiff also includes general allegations related to supervisory liability. Plaintiff alleges that, prior to these events, the City "developed and maintained policies, practices, and/or customs exhibiting deliberate indifference to the Constitutional rights of citizens, including the Plaintiff." (Compl. ¶ 37.) "As applied by Defendants, the Statutes and Protocols of Defendant City violated the Plaintiff's rights against unreasonable searches and seizures under both the Fourth Amendment and cruel and unusual punishment and [sic] under the Eighth Amendment of the United States Constitution as they are incorporated by the Fourteenth Amendment." (*Id.* ¶ 38.)

[6] In the Motion, Defendants only ask for dismissal of the claims in Count II against Chief Van Winkle, even though Count II is also brought against the City. In their Reply, however, Defendants argue that the claim against the City should be dismissed as well. The Court will not address this added request because "the general rule in [the Tenth] circuit is that a party waives issues and arguments raised for the first time in a reply brief . . . ." *Plant Oil Powered Diesel Fuel Systems, Inc. v. ExxonMobil Corp.*, No. 11 CV 103, 2012 WL 1132527, * 16 (D.N.M. Mar. 22, 2012) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir.2009) (unpublished).

the violations which result from the policy's application." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Defendants submit that the allegations in the Complaint are not sufficient to state a claim for supervisory liability against Chief Van Winkle because Plaintiff fails to identify a policy, practice, or custom that was the driving force behind Lopez's conduct. However, Plaintiff has alleged that Officer Lopez "was incorrectly informed or led to believe – either intentionally or through improper training – that he may unjustifiably enter a residence for any reason he deems necessary." (Compl. ¶ 52.) Taking this allegation as true, if Chief Van Winkle instructed Officer Lopez that he may enter a residence for any reason deemed necessary, as opposed to the legal standard requiring exigent circumstances, Chief Van Winkle would be liable under § 1983. Moreover, Plaintiff alleges that Officer Lopez "was incorrectly informed or led to believe – either intentionally or through improper training – he had to arrest any alleged defendant if he touched them in any way." (Compl. ¶53.) Taking this allegation as true, if Chief Van Winkle instructed Officer Lopez that he must arrest a person who he touched in the course of an encounter, as opposed to having probable cause to arrest a person with whom he had contact, Chief Van Winkle would be liable under § 1983. Hence, the Plaintiff's allegations, taken as true, are sufficient to state a claim under § 1983 for supervisory liability. *See, e.g., Dodds*, 614 F.3d at 1199 ("[Section] 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement . . . of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights . . . secured by the Constitution . . . .'" (quoting 42 U.S.C. § 1983)).

Defendants point to the decision in *Lovelace v. County of Lincoln*, No. 10 CV 763 JB/WPL, 2011 WL 2711179, at * 14 (D.N.M. June 30, 2011), in which the Honorable James O. Browning dismissed a § 1983 claim against the County of Lincoln, New Mexico for its police officers' conduct in an armed standoff stemming from a domestic dispute. *Id.* at * 10. Judge Browning concluded that the plaintiff presented conclusory allegations, without factual support, "that the County of Lincoln failed to train its officers adequately with respect to the 'protection of vulnerable citizens from situations known to be dangerous.'" *Id.* Judge Browning rightly dismissed the § 1983 claim against the County because "[plaintiff] has not pointed to any specific supervisory or training deficiencies. . . . She has not shown the alleged unconstitutional conduct stemmed from the failure to train rather than a purported failure to follow the training provided [and] . . . [S]he has not shown any direct causal connection between purported supervisory or training deficiency and the alleged constitutional violation." *Id.* Here, Plaintiff has alleged facts that, if true, prove that Officer Lopez's allegedly unconstitutional entry into Plaintiff's home and arrest of Plaintiff stems from the instruction he received from Chief Van Winkle. Thus, Plaintiff has alleged sufficient facts to support claim against Chief Van Winkle.

C. *The Court will dismiss Counts IV and V because governmental immunity has not been waived for those claims.*

The NMTCA delineates the tort liability of governmental entities and public employees. As a result, it is "the public policy of New Mexico that governmental entities" like the City (Compl. ¶ 7), and public employees, while acting within the scope of their duties, "shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act." NMSA 1978 §§ 41-4-2A; *Garcia-Montoya v. State of New Mexico*, 130 N.M. 25, 43, 16 P.3d 1084, 1102 (N.M. 2001). Under the NMTCA, tort claims against law enforcement officers are limited to certain intentional torts:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA
> 1978 does not apply to liability for personal injury, bodily injury, wrongful
> death or property damage resulting from assault, battery, false imprisonment,
> false arrest, malicious prosecution, abuse of process, libel, slander, defamation
> of character, violation of property rights or deprivation of any rights,
> privileges or immunities secured by the constitution and laws of the United
> States or New Mexico when caused by law enforcement officers while acting
> within the scope of their duties.

NMSA 1978 § 41-4-12.

The NMTCA provides the exclusive remedy for claims against law enforcement officers:

> The exclusive remedy against a governmental entity or public employee for
> any tort for which immunity has been waived under the Tort Claims Act and
> no other claim, civil action or proceeding for damages, by reason of the same
> occurrence, may be brought against a governmental entity or against the
> public employee or his estate whose act or omission gave rise to the suit or
> claim.

NMSA 1978 § 41-4-17.

Defendants correctly point out that the NMTCA does not specifically waive liability for

Plaintiff's claim against Officer Lopez for intentional infliction of emotional distress. *Romero v.*

*Otero*, 678 F. Supp. 1535, 1540 (D.N.M. 1987). In the Response, Plaintiff asserts that since the

NMTCA waives immunity for intentional torts, the Court should find that immunity has been

waived for this intentional tort as well. However, the plain language of § 41-4-12 waives

immunity only for the enumerated intentional torts. *Romero*, 678 F. Supp. at 1540. Moreover,

courts are instructed to interpret waivers of immunity narrowly. *Rayos v. State ex rel. New*

*Mexico Dept. of Corrections, Adult Probation and Parole Div.*, 2014-NMCA-103, ¶ 24, 336

P.3d 428 ("The case law is clear that the law enforcement waiver is strictly construed."). Thus,

the Court will dismiss Count 4.

Defendants also rightly contend, and Plaintiff concedes in the Response, that the Count 5 claim for negligent infliction of emotional distress should be dismissed because it is not one of the enumerated torts for which immunity has been waived. Thus, the Court will dismiss Count 5.

In the Motion, Defendants argued that Plaintiff's Count 6 claim against Officer Lopez for malicious abuse of process should be dismissed for the same reason. However, as Defendants concede in their Reply, malicious abuse of process is one of the torts for which immunity has been waived. Hence, the Court accepts Defendants' withdrawal of the Motion as to this claim and will not dismiss Count 6. *See Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1243 (D.N.M. 2011) ("The NMTCA waives immunity for . . . malicious-abuse-of-process claims against law enforcement officers.") (citing *Garcia-Montoya*, 130 N.M. at 43, 16 P.3d at 1102)).

IT IS ORDERED that

1.      Plaintiff's claims against Chief Van Winkle and Officer Lopez in their official capacities are dismissed;

2.      Plaintiff's Count 4 claim for intentional infliction of emotional distress is dismissed; and

3.      Plaintiff's Count 5 claim for negligent infliction of emotional distress is dismissed.

_____
SENIOR UNITED STATES DISTRICT JUDGE